NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KRISTIN SAMUELSON,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>OREGON STATE UNIVERSITY; MIKE RILEY, as an individual,<br><br>       Defendants-Appellees. | No.   16-35216<br><br>D.C. No. 6:15-cv-01648-MC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 16, 2018
Portland, Oregon

Before:  TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Kristin Samuelson appeals the district court's dismissal of her Title IX claim

against Oregon State University ("OSU").  The parties are familiar with the facts,

so we do not recite them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we affirm.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The Supreme Court has explored the contours of liability when the basis of a plaintiff's Title IX claim is harassment. To be liable for harassment under Title IX, the recipient of federal funds—here, OSU—must have actual notice of, and be deliberately indifferent to, the harassment. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998); *see also Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000). Because liability may only arise from a recipient's "own misconduct," the recipient's deliberate indifference must have "subjected" the student to, or "ma[d]e them more vulnerable to," the harassment. *See Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644–45 (1999); *see also id*. at 645 (limiting Title IX liability for student-to-student harassment "to circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs").

Notably, Samuelson expressly disclaimed on appeal any claim that OSU was responsible for her sexual assault or for the counseling that she received from OSU. Instead, Samuelson claims that she was deprived of educational opportunities and benefits due to OSU's deliberate indifference to a prior report of

2

sexual assault.

The heart of Samuelson's claim is that the circumstances that caused her to drop out of OSU deprived her of an education. Because a Title IX claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action," Samuelson's claim is time-barred. *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006). The statute of limitations for a Title IX claim is governed by the state law limitations period for personal injury torts, which is two years under Oregon law. *See id.* at 1134–36; ORS § 12.110(1). Here, Samuelson's injury occurred, and she was fully aware of the injury and its consequences, when she dropped out of school in 2000. This event started the two-year clock. Samuelson's Title IX claim had long expired by the time she filed her complaint in 2014.

To the extent that Samuelson's claim is that OSU's knowledge of a prior report of sexual assault that occurred off campus is the cause of her deprivation, she faces the same statute of limitations problem. Further, such claim is too speculative and attenuated from any conduct by OSU. Samuelson's sexual assault occurred off campus by a non-university student at a location that had no sponsorship by or association with OSU. Samuelson has failed to allege how OSU exercised any control over the environment of her sexual assault, or how any corrective measures implemented after the earlier report of sexual assault would

3

have affected Samuelson's sexual assault. *See Davis*, 526 U.S. at 645; *Reese*, 208 F.3d at 739. Given the specific circumstances in this case, Samuelson has failed to allege that her sexual assault occurred "under" an OSU "program or activity," or that OSU's deliberate indifference "subjected" her to the assault. *See* 20 U.S.C. § 1681(a). The district court properly dismissed Samuelson's Title IX claim under Federal Rule of Civil Procedure 12(b)(6).

**AFFIRMED**.